## James E. Young vs. Commissioner of Public Safety.

Suffolk.  November 16, 1981. — February 25, 1982.

Present: Dreben, Cutter, & Smith, JJ.

*State Police.  Police*, Promotional examination.

There was no merit to a State police officer's claim that the Commissioner of Public Safety should have accepted his late application for a promotional examination because he was on injury leave at the time a departmental order announcing the pending examination was posted at the police station, where it appeared that the officer knew that an examination was anticipated, where he had an obligation under State police regulations once he returned to active duty to inform himself of orders received at the station in his absence, and where he had an opportunity upon his return, two days before the deadline for applications, to inquire about any order relative to the examination. [248-250]

Civil action commenced in the Superior Court Department on March 28, 1979.

The case was heard by *Morse*, J., a District Court judge sitting under statutory authority.

*Scott A. Smith*, Assistant Attorney General, for the defendant.

*John A. Moos* for the plaintiff.

Smith, J.  The plaintiff, a member of the State police, brought this action for declaratory and injunctive relief against the Commissioner of Public Safety.  The plaintiff alleges that the Commissioner improperly denied him the right to file a late application for a promotional examination.  He claims that the Commissioner should have accepted his application because he was on injury leave at the time of the announcement of the pending examination and he was not informed or aware of the deadline for applications for the examination.  The plaintiff asked the court (1) to

permit him to participate in an examination for promotion
to corporal[1] and (2) to declare that the Commissioner's re-
fusal to accept a late application violated due process.

At the trial before a District Court judge, sitting in the
Superior Court by statutory designation, the parties stipu-
lated as to several facts.  In addition, the judge heard testi-
mony and received exhibits.  The judge entered a declara-
tion that "the plaintiff be allowed to participate in the
promotional process for promotion to the rank of corporal
with those applicants who took the promotional examina-
tion on March 31, 1979," and the defendant appealed.  The
defendant does not question the correctness of the judge's
subsidiary findings but challenges the ultimate conclusions
drawn from those findings.  We have before us the judge's
"Findings, Rulings and Order for Judgment."  We also
have the transcript and the exhibits.

We summarize the facts as stipulated and as found by the
judge.  On March 12, 1978, the plaintiff was injured while
on duty and commenced a period of leave which continued
to February 21, 1979, when he returned to active duty at
the Andover substation.  On November 20, 1978, while the
plaintiff was on leave, Andover received by teletype infor-
mation which concerned an anticipated examination for the
next promotional list.  The teletype information was posted
on the bulletin board in the station office for two weeks and
then was posted in the "trooper room."

On January 21, 1979, Andover received by teletype
Special Order No. 11, which contained the date and loca-
tion of the promotional examination and established Feb-

---

[1] After the action was entered in the Superior Court, the plaintiff ob-
tained a preliminary injunction that permitted him to take the written ex-
amination on a conditional basis.  The parties have stipulated that as a
result of taking the examination, the plaintiff placed number twenty-
three on the list of applicants.  The parties have further stipulated that
but for the failure of the plaintiff to file on time his application to take the
examination, the defendant would have promoted the plaintiff to cor-
poral.

ruary 23, 1979, as the deadline for filing applications for the examination.[2]  A letter copy of Special Order No. 11 was received by Andover on or about January 24, 1979, and it was posted in the trooper room for about three weeks. During the period that the announcement of the examination and the special order were posted in the squadron room or in the trooper room, the plaintiff visited the substation on three days, November 27, 1978, December 8, 1978, and February 20, 1979.  The judge made a specific finding that the plaintiff knew or should have known of the pending expiration of the existing promotion list and that another examination was anticipated.  The plaintiff reported for duty on February 21, 1979, and that date was the only time he was on duty prior to the deadline for filing an application, which was February 23, 1979.[3]  Soon after the plaintiff reported for duty on February 21, 1979, and before roll call, he was dispatched to the scene of a motor vehicle accident, and upon his return to the substation was immediately assigned to the desk in the station office for the balance of his shift, and did not have an opportunity to go over the accumulated orders and teletypes posted in the trooper room. At no time prior to the deadline for filing an application was the plaintiff informed by the staff sergeant or by anyone connected with the office of the defendant of the contents of the special order.

Based on these subsidiary findings, the judge concluded that (1) a regulation of the Massachusetts State police imposed an obligation on the substation staff sergeant to inform members of the substation, including those on injury leave, of all State police orders, (2) it was unreasonable as

---

[2] By the terms of G. L. c. 22, § 90, as appearing in St. 1973, c. 793, § 1, "[t]he commissioner shall prepare notice of all promotional examinations, which shall be written examinations, and shall cause notice thereof to be published in the departmental orders no later than thirty days prior to the final date for filing applications therefor."

[3] The plaintiff did not work again until February 26.  Although the judge did not so specifically find, we note that the plaintiff was off duty on February 22 and 23.

matter of law to require the plaintiff, while he was on in-
jury leave status, to keep himself informed of all orders
which had accumulated during his absence, (3) after his
return to duty on February 21, 1979, the plaintiff did not
have the opportunity to make himself aware of the contents
of the special orders, including Special Order No. 11, which
had accumulated during his absence, and (4) the refusal of
the defendant to accept a late application from the plaintiff
to take the examination and participate in the promotional
process was a denial of due process.  We disagree.

The judge's conclusion that under the rules and regula-
tions of the State police the staff sergeant had an obligation
to inform the plaintiff, while on injury leave, of all State
police orders is not warranted by the language of the regula-
tion.  The judge relied on rule 5.14(u) of the Rules and
Regulations of the Massachusetts State Police, set forth in the
margin.[4]  There is nothing in the regulation that imposes
such an obligation on the staff sergeant in regard to troopers
who are on injury leave.  To read this requirement into the
regulation would mean that the staff sergeant, in addition
to all his other duties, would have to telephone or otherwise
inform each trooper who is off duty because of a day off,
vacation, illness or injury leave of an order once it is re-
ceived at a substation.  It was not the intent of the rule to
have such an effect, especially when read with rule 10 dis-
cussed below.

The judge's conclusion that it was unreasonable as a mat-
ter of law to require the plaintiff, while on injured leave

---

[4] "5.14 'Staff Sergeant.'  A Staff Sergeant may be assigned to the com-
mand of substations.  Each Staff Sergeant so assigned shall be responsible
to the Troop Commander for all his official activities, and his duties and
responsibilities are as follows.

"...

"(u) He shall carefully read and explain to the members of his substa-
tion all State Police Orders, and discuss the minutes of non-commissioned
officers' meeting.  All such orders shall, before being filed, be initialed by
all members assigned to the substation."

The requirement of "initialing" had been discarded at the substation,
and it did not figure in the judge's decision, nor does it in our decision.

status, to keep himself informed of all orders which had accumulated during his absence was not warranted by his subsidiary findings. Although Rule 10 of the Rules and Regulations of the Massachusetts State Police, set forth in the margin,[5] requires an individual trooper to inform himself of all new orders, we do not read rule 10 to require troopers who are on injury leave to keep informed of such orders. In this case, however, the judge made a finding that the plaintiff knew or should have known of the pending expiration of the existing promotional list and that another examination was anticipated. This finding invites the logical inference that the plaintiff, a member of the State police for eight years, could expect that an order relative to an examination would be forthcoming. During the relevant period under discussion (November 21, 1978, to February 21, 1979), the plaintiff was not confined to bed or to his domicil. He was mobile, could drive an automobile, and did, in fact, visit the substation on three occasions. He had ample opportunity to learn of the imminence of the filing deadline either by inquiring of someone in authority or by examining the bulletin board.

Once the plaintiff returned to duty on February 21, 1979 (two days before the application deadline), rule 10 took effect. Under that rule, a trooper has the primary responsibility to become aware of any new orders that were issued prior to the trooper's returning to active status. This may be accomplished in various ways, such as reading the bulletin board or in conversation with superiors or fellow troopers. Rule 5.14(u) is designed to supplement, not to replace, the rule 10 responsibility. For example, once a trooper has become aware of a new order, the staff sergeant is available

---

[5] "Rule 10 — General Rules: All members of the Uniformed Branch are required to familiarize themselves with the following General Rules and all others as they may be issued and established by the Commissioner or by his order. Ignorance or alleged ignorance of the terms and provisions of any such Rules or *orders* duly issued will not be recognized, and shall not be pleaded nor offered by any member of the Uniformed Branch in excuse for, or extenuation of or from, any disregard or violation of such Rules or orders" (emphasis supplied).

to answer questions or to explain the order. We accept the judge's finding that the plaintiff "did not have an opportunity to go over the accumulated orders and teletypes posted in the [t]rooper room." But the judge also found that the plaintiff "knew or should have known" that another examination was anticipated. Although the plaintiff did not have the opportunity after his return to *read* the orders that had arrived in his absence, he did have ample opportunity to converse with superiors or fellow troopers. Therefore, the fact that the plaintiff knew that another examination was anticipated, the fact that under rule 10 he had the obligation once he returned to active duty to inform himself of orders received at the substation in his absence, and the fact that he had opportunity to inquire about any order relative to the examination of March 31, 1979, warrant the conclusion, in the circumstances of this case, that the plaintiff had the obligation and the opportunity to inform himself of the contents of Special Order No. 11. His failure to do so cannot be held against the defendant. Because of our conclusions we need not consider the judge's ruling that the defendant violated due process by failing to permit the plaintiff to participate in the promotional process.

The judgment is reversed, and a new judgment is to issue declaring that the plaintiff is not entitled to participate in the promotional process to the rank of corporal with those applicants who took the promotional examination on March 31, 1979.

*So ordered.*